IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT WAYNE WILES, JR.,**

      **Petitioner,**

**v.**                                 **CIVIL ACTION NO.   1:20CV126**
                                    **CRIMINAL ACTION NO. 1:18CR20**
                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

      Pending before the Court is the motion filed by the petitioner, Robert Wayne Wiles, Jr. ("Wiles"), pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence (Dkt. No. 1).[1] For the reasons that follow, the Court concludes that Wiles's motion is untimely under 28 U.S.C. § 2255(f)(1), and **DENIES** the motion. It further **DISMISSES WITHOUT PREJUDICE** Civil Action No. 1:20CV126.

                **I.**    **PROCEDURAL BACKGROUND**

      On June 25, 2020, Wiles filed a § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1). Following a preliminary review of his motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court concluded that Wiles's motion may be untimely and issued a notice pursuant to

---

[1] Unless otherwise noted, all docket numbers refer to Civil Action No. 1:20CV126.

**WILES V. USA**                                                                                 **1:20CV126/1:18CR20**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("Notice"), warning him that his case may be dismissed unless he could demonstrate why the one-year statute of limitations did not bar his motion (Dkt. No. 7). On October 2, 2020, Wiles timely responded (Dkt. No. 11).

## II.  ONE-YEAR LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas petition under § 2255. Under the AEDPA, the limitation period runs from the latest of:

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)   the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

**WILES V. USA**                                                  **1:20CV126/1:18CR20**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

In the Fourth Circuit, when a § 2255 motion appears untimely and the Government has not filed a motion to dismiss based on the one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

### III. ANALYSIS

On May 15, 2018, Wiles pleaded guilty to one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Case No. 1:18CR20, Dkt. No. 28). The Court entered a judgment on October 2, 2018 (Case No. 1:18CR20, Dkt. No. 37), which Wiles did not appeal. Therefore, his conviction became final fourteen (14) days later, on October 16, 2018. Fed. R. App. P. 4(b)(1)(A)(i).

The Federal Rules of Appellate Procedure require that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). A criminal conviction becomes final when the time for a direct appeal expires and the defendant has not noticed an appeal. United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017).

**WILES V. USA**                                                    **1:20CV126/1:18CR20**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Here, Wiles had to file his § 2255 motion by October 16, 2019, one year after his conviction became final. 28 U.S.C. § 2255(f)(1). But he did not file his motion until June 25, 2020 (Dkt. No. 1). In his § 2255 motion and response to the Court's Notice, Wiles contends that the one-year statute of limitations does not bar his motion because the applicable limitation period ran from the date on which a new right was recognized by the Supreme Court of the United States and made retroactively applicable to cases like his on collateral review. See § 2255(f)(3); Dkt. Nos. 5-1 at 4-5; 50 at 2-4.

Wiles argues that the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), articulates a new rule of constitutional law made retroactive on collateral review that should apply to his case. Rehaif held that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the category of persons barred from possessing a firearm. Id. at 2195. In doing so, it clarified the requirements of §§ 922(g) and 924(a)(2).

Importantly, in the recent case of Greer v. United States, 141 S. Ct. 2090 (2021), the Supreme Court confirmed that Rehaif

**WILES V. USA**                                                                        **1:20CV126/1:18CR20**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

did not announce a new rule of constitutional law, or make any such rule retroactive on collateral review. Wiles's motion, therefore, was untimely filed and, because he has failed to demonstrate any good cause why the statute of limitations should be tolled, his case is subject to dismissal.

### IV. NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceeding, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Wiles has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2255(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

**WILES V. USA**  1:20CV126/1:18CR20

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Cockrell, 537 U.S. 322, 33638 (2003). Upon review of the record, the Court concludes that Wiles has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

### V.  CONCLUSION

For the reasons discussed, the Court **DENIES** Wiles's § 2255 motion as untimely (Dkt. No. 1), and **DISMISSES WITH PREJUDICE** Civil Action Number 1:20CV126.

It is so **ORDERED**.

The Clerk **SHALL** enter a separate judgment order in favor of the United States, to transmit a copy of this order to Wiles by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

DATED: October 15, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE